THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIAM ROGERS alias WILLIAM KELLY, Appellant.

*Grand larceny — proof insufficient to convict one of grand larceny in the second degree.*

Evidence given by a detective, upon the trial of an indictment for grand larceny in the second degree, that, upon seeing the prisoner jostle a man, and the man's watch chain drop, he seized the prisoner and called upon him to give up the watch, which the prisoner denied having taken; that the prisoner moved his hand, and that the watch was subsequently, by the direction of the witness, picked out of the gutter, is insufficient to sustain a conviction.

APPEAL by the defendant, William Rogers alias William Kelly, from a judgment of the Court of General Sessions of the Peace in and for the city and county of New York in favor of the plaintiff, rendered on the 22d day of April, 1897, convicting him of the crime of grand larceny in the second degree as a second offense, and also from an order denying his motion for a new trial.

*John J. Halligan*, for the appellant.

*John D. Lindsay*, for the respondent.

RUMSEY, J.:

At a Court of Sessions, held in the month of April, 1897, the defendant was tried and convicted of the crime of grand larceny in the second degree, as a second offense, and was sentenced upon that conviction, and this appeal is taken from the judgment thus pronounced. Upon the trial the defendant offered no evidence, but, after the plaintiff's case had been closed, his counsel asked the court to instruct the jury to acquit. That motion was denied, and the important question in the case arises upon its denial, because the defendant insists that the evidence did not warrant the verdict of guilty. All the testimony was given by two witnesses. One of them was a detective of the police force who arrested the defendant, and his story substantially was that on the 17th of March, 1897, he saw the defendant in a crowd upon Fifth avenue, between Forty-ninth and Fiftieth streets; that the crowd was breaking away and he saw the defendant go through the crowd and " bunk " against a man;

that the man's chain dropped and that the witness thereupon seized the defendant and called upon him to give up the watch that he had taken, but that the defendant denied having taken anything from anybody. The witness then said that the defendant moved his hand, and, as appeared from the record, he indicated the way in which the prisoner moved his hand, but whatever the indication was it is not apparent from anything in the papers. The witness further stated that he saw Officer McCarthy and told him to pick the watch out of the gutter, which was done, and the watch was identified as the one picked up by Officer McCarthy. Upon his cross-examination the witness testified that he saw Rogers jostle the man and the chain drop ; but he further testified that he would not swear that Rogers made any attempt or put his hand in the man's pocket, nor would he swear that the watch was taken. McCarthy testified that he saw the former witness seize the defendant and point to the ground and direct McCarthy to pick up the watch, which he did. That is substantially all the testimony that was given upon the trial. · We are of the opinion that it was clearly insufficient to warrant a conviction. There was nothing to show that the defendant touched the man whose watch was said to have been taken, or that any watch whatever was taken, or that any effort was made by the defendant to do anything of the kind. In fact, the witness who saw the transaction expressly refused to testify to any such thing, and the case stands solely upon his statement that the defendant having jostled against some man in the crowd the detective saw that the man's watch chain had dropped after the jostling. He does not even say that the watch chain had not dropped before the man had been jostled against. There is nothing whatever in the evidence, as it stands, to warrant a conviction of the defendant for the crime with which he was charged. For that reason the judgment must be reversed and a new trial ordered.

VAN BRUNT, P. J., BARRETT, WILLIAMS and PATTERSON, JJ., concurred.

Judgment reversed and new trial ordered.